# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM T. WEBSTER, | Case No.: 2:08-cv-00979-RLH-LRL |
| Pro Se Plaintiff, | **O R D E R** |
| vs. | (Motion for Relief from Judgement–#46) |
| DEPARTMENT OF DEFENSE, Robert M. Gates, Secretary of Defense; DEFENSE COMMISSARY AGENCY, DeCA, Philip E. Sakowitz, Director and CEO, DeCA, | |
| Defendants. | |

Before the Court is Plaintiff William T. Webster's **Motion for Relief from Judgment** (#46), filed June 28, 2010. The Court has also considered Defendants' Opposition (#47), filed July 15, 2010, and Webster's Reply (#48), filed July 21, 2010.

On May 31, 2006, Webster filed a complaint alleging two acts of employment discrimination. (*See* Dkt. #37, Order, Feb. 1, 2010 (referencing 2:06-cv-0382-KJD-PAL).) The case was assigned to the Honorable Kent J. Dawson, United States District Judge for the District of Nevada. On June 19, 2007, Judge Dawson dismissed Webster's claims for lack of subject matter jurisdiction. On August 13, 2008, Webster filed another complaint (the above-entitled case) making nearly identical claims as those asserted in the matter before Judge Dawson. In

1  February 2010, this Court dismissed Webster's claims on *res judicata* and collateral estoppel
2  grounds.  Webster then appealed the decision to the United States Court of Appeals for the Ninth
3  Circuit.  However, the Ninth Circuit affirmed this Court's decision.  Webster has now filed a
4  motion for relief from judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure
5  in which he seeks relief both from Judge Dawson's order of dismissal and this Court's order of
6  dismissal.  Webster argues that these orders are void under Rule 60(b)(4).

7        The Court denies Webster's motion because his argument lacks any legal basis.
8  First, the Court denies Webster's motion to the extent that it seeks relief from Judge Dawson's
9  order.  This Court does not have the authority to review the judgment of a co-equal court.  Second,
10 the Court denies Webster's motion because Rule 60(b)(4) does not void this Court's order of
11 dismissal.  "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that
12 considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to
13 be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170
14 F.3d 882, 883 (9th Cir. 1999).  The record reflects that Webster filed this action under 42 U.S.C. §
15 1981(b) and various other federal regulations, which confer original jurisdiction upon this Court.
16 Furthermore, the Ninth Circuit has already affirmed this Court's order of dismissal.  The Court
17 therefore denies Webster's motion.

18       Accordingly, and for good cause appearing,
19       IT IS HEREBY ORDERED that Webster's Motion for Relief from Judgment (#46)
20 is DENIED.

21       Dated: October 19, 2010

_____
ROGER L. HUNT
Chief United States District Judge

2

AO 72
(Rev. 8/82)